Exhibit 1

| | |
|---|---|
| DISTRICT COURT,<br>CITY AND COUNTY OF DENVER,<br>STATE OF COLORADO<br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: April 16, 2019 10:41 PM<br>FILING ID: 1063253FBAA6B<br>CASE NUMBER: 2019CV31498 |
| Plaintiff: **TERESA SALINAS-RODRIGUEZ,**<br><br>v.<br><br>Defendant: **DELTA AIR LINES, INC.** | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Todd F. Bovo, #38691<br>BOVO LAW, LLC<br>650 S. Cherry Street, #1400<br>Denver, CO 80246<br>Tele: (303) 333-4686<br>Fax: (303) 595-5334<br>Email: todd@bovolaw.com | Case Number:<br><br><br>Div.: |
| **SUMMONS** | |

**THE PEOPLE OF THE STATE OF COLORADO, TO THE ABOVE NAMED DEFENDANT:**

> Delta Air Lines
> Corporation Service Company
> 1900 W. Littleton Boulevard
> Littleton, CO 80120.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached complaint within twenty-one (21) days after this summons is served on you in the State of Colorado, or within thirty-five (35) days after this summons is served on you outside the State of Colorado.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint, without any further notice to you. The following documents are also served with summons: Civil Case Cover Sheet and Complaint

1

DATED:  April 16, 2019.

Respectfully Submitted,

BOVO LAW, LLC

Todd F. Bovo, #38691
Attorney for Plaintiff

| | |
|---|---|
| DISTRICT COURT,<br>CITY AND COUNTY OF DENVER,<br>STATE OF COLORADO<br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: April 16, 2019 10:41 PM<br>FILING ID: 1063253FBAA6B<br>CASE NUMBER: 2019CV31498 |
| Plaintiff: **TERESA SALINAS-RODRIGUEZ,**<br><br>v.<br><br>Defendant: **DELTA AIR LINES, INC.** | ▲ **COURT USE ONLY** ▲ |
| **Attorneys for Plaintiff:**<br>Todd F. Bovo, #38691<br>BOVO LAW, LLC<br>650 S. Cherry Street, #1400<br>Denver, CO 80246<br>Tele: (303) 333-4686<br>Fax: (303) 595-5334<br>Email: todd@bovolaw.com | Case Number:<br><br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Teresa Salinas-Rodriguez, by and through her attorney of record at Bovo Law, LLC, states in her Complaint as follows:

## INTRODUCTION

Plaintiff was a passenger on Delta Flight 2485 which departed Denver and arrived in Los Angeles California. Prior to the wheels touching the ground another passenger seated two rows behind Plaintiff got up, entered the aisle, opened the overhead bin, retrieved her luggage, lost control and struck Plaintiff in the head. Plaintiff sustained significant injuries that caused her to seek redress by means of this lawsuit.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Teresa Salinas-Rodriguez, is a resident of the City of Parker in Douglas County Colorado.

2.    Upon information and belief, Defendant Delta Air Lines, Inc., A Delaware Corporation, is an entity authorized to do and doing business in the State of Colorado and organized pursuant to the laws of Delaware, with a principal place of business located at Delta Air Lines, 1030 Delta, Dept. 982, Atlanta, GA 30320, and with a registered agent for service of process, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

### GENERAL ALLEGATIONS

3.    On May 2, 2018, Plaintiff Teresa Salinas-Rodriguez was a passenger on a Delta Airplane Flight 2485 departing Denver Colorado bound for Los Angeles, California.

4.    Plaintiff was conducting herself in a lawful and careful manner.

5.    While Plaintiff was seated, but prior to the wheels touching the ground, another female passenger seated two rows behind Plaintiff, got up out of her seat, entered the aisle, proceeded down the aisle, opened the overhead bin, retrieved her luggage, lost control of her luggage and struck Plaintiff in the head.

6.    When this female passenger got up no employees of Defendant, Delta Air Lines told her to sit down until the aircraft landed and the fasten seatbelt sign was turned off.

7.    None of Defendant employees said anything to the female passenger. Instead, employees allowed the passenger to prematurely retrieve her luggage.

8.    As a result when the wheels of the aircraft touched the ground, the female passenger lost control of her luggage and struck Plaintiff.

9.    The suitcase fell onto her head and she sustained significant injuries that caused her to seek redress by means of this lawsuit.

### FIRST CLAIM FOR RELIEF
(Negligence)

10.   Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 9 of this Complaint, as if set forth verbatim.

11.   As Plaintiff was a passenger in an aircraft flown and operated Defendant owed Plaintiff a duty of care.

12.   By failing to instruct the female passenger to sit down until the pilot authorized all passengers to unbuckle their seatbelts, Defendant's employees failed to act as reasonable persons, or reasonably careful persons would under the same or similar circumstances to protect others from bodily injury; therefore, the employees were negligent.

13.   The acts or omissions of employees of Defendant are, in law, the acts or omissions of Defendant.

14.   The incident as aforesaid was the sole and proximate result of the negligence of employees of Defendant, Delta Air Lines, Inc.

15.   As a result of the incident as aforesaid. Plaintiff sustained multiple injuries, including but not limited to blunt force trauma striking her in the head, neck, and back.  Her face struck the tray table and she immediately sustained a bloody nose and a contusion to her face.

16.   Plaintiff incurred and will continue to incur pain and suffering, medical expenses, and injuries of a continuing nature the total amount of which cannot be ascertained at this time due to the continuing nature of her injuries as well as loss of enjoyment of life and physical impairment.

17.   The incident as aforesaid was the sole and proximate result of the conduct of employees of Defendant, and Plaintiff, was not comparatively negligent or contributed in any way to her injuries.

      WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant in an amount to fairly compensate her for her injuries and damages, court costs, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(Common Carrier Liability)

18.   Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 17 of this Complaint, as if set forth verbatim.

19.   At all times pertinent herto, Defendant, is and was a common carrier engaged in the business of transporting fare-paying passengers and owed

a duty to its passengers, including Plaintiff. As a common carrier, Defendant is obligated to provide the highest standard of care to protect its passengers' well-being and safety.

20.   As a passenger on Defendant's aircraft, Plaintiff was owed the highest standard of care by Defendant to ensure that her safety and well-being was protected.

21.   As employees of Defendant the employees owed Plaintiff the highest standard of care by Defendant to ensure that her safety and well-being was protected.

22.   By failing to instruct the female passenger to sit down and buckle her seat beat and allowing her to retrieve her luggage before the aircraft had landed, Defendant's employees failed to meet the standard of care owed by common carriers.

23.   The acts or omissions of employees of Defendant are, in law, the acts or omissions of Defendant.

24.   The incident as aforesaid was the sole and proximate result of the conduct of employees of Defendant.

25.   As a result of the incident as aforesaid. Plaintiff As a result of the incident as aforesaid. Plaintiff sustained multiple injuries, including but not limited to blunt force trauma striking her in the head, neck, and back.  Her face struck the tray table and she immediately sustained a bloody nose and a contusion to her face.

26.   Plaintiff incurred and will continue to incur pain and suffering, medical expenses, and injuries of a continuing nature the total amount of which cannot be ascertained at this time due to the continuing nature of her injuries as well as loss of enjoyment of life and physical impairment.

27.   The incident as aforesaid was the sole and proximate result of the conduct of employees of Defendant, and Plaintiff, was not comparatively negligent or contributed in any way to her injuries.


WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant in an amount to fairly compensate her for her injuries and damages, court costs, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief

as the Court deems just and proper; and/or Plaintiff prays for the following relief:

(a)     For an amount which will reasonably compensate Plaintiff for past, present, and future economic losses.

(b)     For an amount which will reasonably compensate Plaintiff for unreimbursed medical expenses, past and future.

(c)     For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind.

(d)     For any amount which will reasonably compensate Plaintiff for pain and suffering, past and future.

(e)     For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life.

(g)     For interest as provided by statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and meet in the premises.


**A JURY TRIAL IS HEREBY DEMANDED**.

DATED:  April 16, 2019

Respectfully Submitted,

BOVO LAW, LLC

_____
Todd F. Bovo, #38691
Attorney for Plaintiff

Plaintiff's address:
18265 E. Cottonwood Dr. 6-202
Parker, CO 80134

| | |
|---|---|
| DISTRICT COURT,<br>CITY AND COUNTY OF DENVER,<br>STATE OF COLORADO<br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: April 16, 2019 10:41 PM<br>FILING ID: 1063253FBAA6B<br>CASE NUMBER: 2019CV31498 |
| Plaintiff:    **TERESA SALINAS-RODRIGUEZ**<br><br>v.<br><br>Defendant:    **DELTA AIR LINES, INC.** | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Todd F. Bovo, #38691<br>BOVO LAW, LLC<br>650 S. Cherry Street, #1400<br>Denver, CO 80246<br>Tele: (303) 333-4686<br>Fax: (303) 595-5334<br>Email: todd@bovolaw.com | Case Number:<br><br><br>Div.: |
| **CIVIL CASE COVER SHEET** | |

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

   - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ☐ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

1

☒   A monetary judgment over $100,000 is sought by any party against any other single
party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

❑   Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date.  See C.R.C.P. 16.1(e).  In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date.  See C.R.C.P. 16.1(d).*

❑A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

   ❑C.R.C.P. 16.1 applies to this case.

   ❑C.R.C.P. 16.1 does not apply to this case.

3.   ❑This party makes a **Jury Demand** at this time and pays the requisite fee.  *See* C.R.C.P. 38. (Checking this box is optional.)

Date: April 16, 2019     _____
                                          Signature of Party or Attorney for Party

<table>
<tr><td>

DISTRICT COURT<br>
CITY & COUNTY OF DENVER, COLORADO<br>
1437 Bannock Street<br>
Denver, Colorado 80202

**Plaintiff: Teresa Salinas- Rodriguez**

**v.**

**Defendant:  Delta Air Lines Inc**

</td><td>

DATE FILED: April 17, 2019<br>
CASE NUMBER: 2019CV31498

▲   COURT USE ONLY   ▲

Case Number: 19CV31498

Courtroom:  368

</td></tr>
</table>

## DELAY REDUCTION ORDER

All civil courtrooms are on a delay reduction docket.

IF AN ATTORNEY OR PRO SE PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE.  THIS ORDER IS THE INITIAL NOTICE REQUIRED BY C.R.C.P 121 § 1-10, AND C.R.C.P. 41(B)(2).

A. <u>All Civil Cases</u>:

1. **Service of Process:** Proof of service of process under C.R.C.P. 4 for all defendants must be filed within **63 days** after the date of filing of the complaint. After **63 days**, the action may be dismissed by the Court against any defendant for whom proof of service has not been filed.

2. **Default:** Application for entry of default under C.R.C.P. 55(a) must be filed within **14 days** after default has occurred.

   If all defendants are in default, a motion for entry of default judgment under C.R.C.P. 55(b) must be filed with the application for entry of default. Motions for entry of default judgment must comply with C.R.C.P. 121 § 1-14. Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

3. **Trial Setting:** The Responsible Attorney as defined in C.R.C.P. 16(b)(2) must file and serve a Notice to Set the case for trial and must complete the setting of the trial no later than **14 days** from the date the case is at issue. (Note: this is a shorter time than would otherwise be required by C.R.C.P. 16.1(g)). A case is "at issue" when: (a) all parties have been served and have filed all pleadings permitted by C.R.C.P. 7; or (b) defaults or dismissal have been

1

entered against all non-appearing parties; or (c) at such other time as the Court directs.

4. **Service of this Order:** The Plaintiff or Responsible Attorney must send a copy of this order to all other parties who enter an appearance.

5. **Related Cases:** An attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form available in Room 256 of the City and County Building or at:
https://www.courts.state.co.us/userfiles/file/Information_Regarding_Related_Cases_Form(1).doc

B. Cases under **C.R.C.P. 16**

1. **Case Management Conference:** The notice to set trial must also include a notice to set a Case Management Conference as required by C.R.C.P. 16(d)(1), to be held no later than **49 days** after the case is at issue.

2. **Proposed Case Management Order:** At least **7 days** before the Case Management Conference, the parties must file, in editable format, a proposed Case Management Order consisting of the matters set forth in C.R.C.P. 16(b)(1)-(17) and take all necessary actions to comply with those subsections.

3. **Waiver of Case Management Conference:** A joint request to waive the case management conference may be included in the proposed Case Management Order, but unless such a request has been granted, counsel and any unrepresented parties should plan on appearing for the case management conference.

C. Cases under **C.R.C.P. 16.1**

1. **Certificate of Compliance:** Not later than **49 days** after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h).  No Case Management Order or Case Management Conference is required.


Date:   **April 17th, 2019**

BY THE COURT:


/s/Andrew P. McCallin
District Court Judge
Denver District Court

2

<table>
<tr><td>

DENVER DISTRICT COURT
CITY & COUNTY OF DENVER, COLORADO
1437 Bannock Street
Denver CO 80202
720-865-8305

</td><td>

DATE FILED: April 17, 2019
CASE NUMBER: 2019CV31498

**Λ COURT USE ONLY Λ**

</td></tr>
<tr><td>

*Plaintiff:* **Teresa Salina-Rodriguez**

v.

*Defendant:* **Delta Air Lines Inc**

</td><td>

Case Number: **19CV31498**
Courtroom **368**

</td></tr>
</table>

| **PRE-TRIAL ORDER** |
| --- |
| |

<mark>**Please read this Pre-Trial Order.**</mark>

This Pre-Trial Order shall apply to each case assigned to Courtroom 368 of Denver District Court. The attorneys are expected to familiarize themselves with the contents of this Order and all its requirements. Questions regarding the contents or interpretations of this Order should be raised **before** trial and will not be addressed during trial.

Plaintiff shall serve copies of this Pre-Trial Order on any Pro Se Parties, pursuant to C.R.C.P. 5, and file a Certificate of Service with the Court within 14 days of the date hereof. In the event of any conflict between this Pre-Trial Order and C.R.C.P. 16 or 121, this Order shall govern.

## CASE MANAGEMENT ORDER

The provisions of C.R.C.P. 16 concerning a Case Management Order will apply. If all parties have not participated in the preparation of a proposed Case Management Order, that fact shall be noted in the title of the Proposed Case Management Order.

In accordance with C.R.C.P. 16, the CMO shall contain a specific setting date or trial date and the case shall be set for trial not later than **49 days** from the date the case is at issue.

Trial settings may only be obtained Tuesday through Thursday between the hours of 10:00 a.m. and noon. **Any case where the parties request more than five (5) trial days <mark>or</mark> that the case be set beyond one year will require an in-person trial setting conference with lead trial counsel present.**

The Court adheres to the provisions of Chief Justice Directive (CJD) 08-05 which requires that 90% of all civil actions filed shall be concluded within one year of filing.

<u>**CASE PREPARATION CHECKLIST**</u>

1.     **No Written Discovery Motions.** <mark>N<small>O WRITTEN DISCOVERY MOTIONS WILL BE</small> <small>ACCEPTED.</small> T<small>HE COURT WILL ADDRESS</small> *ALL* <small>DISCOVERY DISPUTES WITH AN</small> *IN-PERSON* <small>DISCOVERY HEARING INSTEAD OF BY WRITTEN MOTIONS.</small></mark> The purpose of this procedure is to ensure expedited and inexpensive resolution of discovery disputes. The following procedures will be in effect in this case:

a.   If there is a discovery dispute, the attorneys are expected to confer in a meaningful way to try to resolve it. An e-mail sent the night before, or similar sorts of tactics, doesn't qualify as meaningful conferral.

b.   If counsel cannot resolve the dispute, please call Erica Blue (Court Judicial Assistant or Michael Hellad (law clerk) at 720-865-8305 and set it for a hearing. The Court will set the discovery hearing as quickly as possible, generally that same week. If counsel cannot agree on a date, please let Ms. Blue or Mr. Helland know and I will set the hearing date.

c.   The dispute will be argued and resolved at the hearing, or taken under advisement with a prompt ruling by the Court. Please don't file any written motion, attachments, etc.

d.   If a dispute occurs during a deposition, please call Ms. Blue or Mr. Helland at the above number and advise him/her about the nature of the dispute. I'll address the dispute as quickly as possible.

e.   Discovery shall be conducted in accordance with the attached **Discovery Protocol**.

2.     <u>**Non-Disputed Motions for Extension of Time**</u>

a.   Stipulated agreements to extend the dates for filing discovery responses, objections, and disclosures of ***no more than 7 days*** do not need to be filed with the Court. <u>THIS DOES NOT APPLY TO THE DEADLINES FOR FILING MOTIONS. PLEASE SEE § 4 BELOW</u>

b.   Extensions for ***more than 7 days***, even if stipulated, will be granted only upon a showing of extraordinary circumstances.

3.     <u>**Other Written Motions**</u>

Please remember the page and word limits under C.R.C.P. 121, Section 1-15(1). The Court takes these limits seriously. So should you.

   **4.    Pretrial Motions**. The Court adheres strictly to C.R.C.P. 16(c) and its deadlines: "Unless otherwise ordered by the court, pretrial motions, including Motions in Limine, shall be filed **no later than 35 days before the trial date**, except for motions pursuant to C.R.C.P. 56, which must be filed no later than **91 days (13 weeks)** before the trial and except for motions challenging the admissibility of expert testimony pursuant to C.R.E. 702, which must be filed no later than **70 days (10 weeks)** before the trial." (Emphasis added)

   The Court will generally <u>not</u> grant extensions of time to file summary judgment motions. The late filing of motions for summary judgment does not permit the Court sufficient time to rule in advance of trial. Failure to comply with the motions deadlines stated herein may result in a delayed ruling, or no ruling at all, from the Court before trial. All other pre-trial motions, including Motions in Limine, must be filed not later than **35 days** before trial unless otherwise ordered by the Court. If an expedited ruling is desired, the moving party must specifically request an expedited schedule in the original motion.

   The Court may rule on motions without a hearing, pursuant to C.R.C.P. 121, or the Court may order a hearing prior to trial.

   **5.    Service of Process.** Returns of Service on all defendants shall be filed within **63 days** after the date of the filing of the complaint. *See* C.R.C.P. 4(m).

   **6.    Default.** Application for default shall be filed **within 14 days** after default has occurred.

   **7.    Affirmative Defenses.** Please note the 2015 Comment to Rule 12: "The practice of pleading every affirmative defense listed in Rule 8(c), irrespective of a factual basis, is improper under C.R.C.P. 11(a)."

   **8.    Trial Management Order.** Plaintiff's counsel is required to prepare and submit a signed Trial Management Order (TMO) 28 days before the date of trial. The TMO shall comport with the provisions set forth in C.R.C.P. 16(f). **ALL parties must participate in the preparation of the TMO.** Should the parties be unable to agree on the proposed TMO or if counsel believes it would be helpful, a Trial Management Conference may be scheduled upon notice, to be attached to the proposed TMO submitted. Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criterion used to determine priority.

TRIAL PREPARATION CHECKLIST

   **9.    Jury Instructions.** If this matter is set for a jury trial, counsel are required to meet regarding jury instructions and **proposed jury instructions shall be delivered to the Court on a**

**single flash drive on the first day of trial.** The first party represented by counsel to demand a jury trial and who has not withdrawn that demand shall be responsible for ensuring compliance with that portion of C.R.C.P. 16.

Please put the following Word files on the **single flash drive**:

(a)  Agreed upon instructions
(b)  Plaintiff's tendered about which Defendant disagrees; and
(c)  Defendant's tendered about which Plaintiff disagrees.

You do not need submit the basic introductory or evidentiary instructions, other than a 2:1 statement of the case instruction. The Court will provide the basic introductory or evidentiary instructions to the jury.

If applicable to your case, combine the following instructions into one instruction: 3:4; 3:7; 3:8; 3:9; 3:10; 3:11; 3:15; 3:16. If applicable, combine 5:1; 5:5 into one instruction. Any other instructions that the parties agree to combine are also encouraged.

The parties shall agree upon a succinct 2:1 statement of the case instruction (Instruction No.1) that the Court can read to the jury at the beginning of the trial. If the parties cannot agree, one 2:1 instruction shall be submitted with highlights on the language upon which the parties cannot agree and the Court will use its own.

**10.**    **Juror Notebooks.** The Court provides 1", 3-ring binders for the jurors' use as notebooks during the trial. The notebooks contain paper so that the jurors can take notes, as well as introductory information regarding jury service, the courthouse and its environs. The notebooks also contain some stock instructions such as burden of proof, direct and circumstantial evidence, credibility of witnesses, etc.

Counsel shall provide eight copies of the following case-specific information for the notebooks: (1) a stipulated statement of the case; (2) a list of witnesses for each party; (3) the names of any attorneys who will be appearing; and (4) copies of exhibits that the parties agree can be included in the notebooks. The Court has also found the following information is useful to and appreciated by the jurors: (1) a list of stipulations reached by the parties; and (2) a glossary of technical or unusual terms that may be used during testimony.

The Court encourages the parties to limit the quantity of exhibits put into jury notebooks to a minimum. Only those pages that are **most** relevant **and** helpful should be included. If counsel believes that they must provide the jurors with extensive exhibits, they may consider providing their own exhibit notebooks, however, the Court suggests counsel consider the comfort of the jurors. Expecting the jurors to carry numerous binders to and from the courtroom may aggravate them. If it is necessary to provide a separate notebook for exhibits, counsel are encouraged to include **all** parties' exhibits in **one** notebook, if possible, rather than each party providing a separate notebook.

4

The inserts for the juror notebooks, or the notebooks themselves in the case of more extensive exhibits, are due to the Court **at the same time as the jury instructions.**

     **11.**    **Exhibits.** Counsel are encouraged to prepare a written stipulation as to undisputed facts and stipulate to the admission of exhibits as to which there is no controversy. Please prepare an **index of exhibits** that you expect to offer, including a list of those exhibits to which there is a stipulated admission.

Please mark all exhibits prior to trial. **Plaintiff's exhibits shall be marked in numerical sequence 1-500. Defendant's exhibits shall be marked in numerical sequence 1000- forward.** The civil action number of the case should also be placed on each of the exhibit labels, as well as the date of the trial.

It is expected that a copy of each exhibit will be provided to opposing counsel and that you will have a copy of each of your exhibits. In addition, a copy of exhibits shall be provided to the Court. To expedite trial, each exhibit to be offered should be viewed by opposing counsel prior to trial and a determination made as to whether an objection will be made as to the admissibility of the exhibit. Only where counsel has not had a reasonable opportunity to view an exhibit in advance will trial be interrupted for such a review.

**DO NOT PROVIDE AN EXHIBIT NOTEBOOK FOR THE COURT. INSTEAD, PLEASE SCAN ALL EXHIBITS ONTO THE SAME SINGLE FLASH DRIVE, WHETHER STIPULATED OR DISPUTED:**

   **(A) PLAINTIFF'S EXHIBITS**
   **(B) DEFENDANT'S EXHIBITS**

Because civil divisions no longer have court reporters and because of a reduced work force in the Denver District Court, this Court is no longer able to maintain custody of exhibits after the termination of hearings and trials. Therefore, it is **ORDERED** that, unless the Court orders otherwise or all parties agree on the record that exhibits need not be retained, the parties shall complete a receipt for exhibits and the following shall apply:

The parties are given notice that at the conclusion of the trial, counsel for the parties shall retain custody of their respective exhibits and depositions, whether or not the exhibit was received into evidence, until such time as all need for the exhibits and depositions has terminated and the time for appeal has expired or all appellate proceedings have been terminated plus sixty-three days. No withdrawn exhibit shall be modified in any manner. No demonstrative exhibit shall be preserved as part of the record in this case, either in this Court or for transmittal to the Court of Appeals. The parties shall provide a photograph(s) of any such exhibit(s) on or before the first day of trial for inclusion in the record. Photograph(s) shall be no larger than 8-1/2" x 11" and all parties shall agree that the items are accurately represented. The proponent of the exhibit shall retain possession of the item, as with all other respective exhibits upon completion of the trial. **Any violation of this order**

regarding the maintenance of exhibits will be subject to sanctions including contempt of court under C.R.C.P. 107.

If the parties wish to retain a private court reporter, please request the Denver District Court policy from my division clerk if you are not already familiar with it.

12.     **Scheduling/Witnesses.** Unless otherwise ordered by the Court, the trial day will start at 9:00 a.m. and end at 5:00 p.m. Counsel and parties are expected in court 30 minutes prior to beginning each day of trial so that any preliminary matters may be addressed without inconveniencing the jury. The Court will typically take one break, for 15 – 20 minutes, in the morning and afternoon. Unless otherwise determined by the Court, lunch break will be from approximately noon until 1:30 p.m.

Please provide the Court with a copy of your witness list. Witnesses should be listed in the order that you anticipate calling them. It is the obligation of counsel to have witnesses scheduled to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day. Accordingly, there shall be no more than five (5) minutes delay between witnesses. Delay in this regard may result in the Court requiring the non-delaying party to commence its case-in-chief or the delaying party may be deemed to have rested its case.

13.     **Voir Dire, Opening Statements and Closing Arguments.** The Court will conduct an extensive voir dire, including basic background questions, inquiry into biographical information and juror qualifications. Counsel will normally be limited to 20 minutes on voir dire unless otherwise ordered by the Court. Counsel will be limited to 20 minutes for opening statement unless otherwise ordered by the Court. Time limits for closing argument will be determined at the close of the evidence; the Court usually allows 20 minutes.

14.     **Depositions.** If you are going to use depositions in lieu of live testimony you must provide designations of such testimony to opposing counsel not later than 28 days before trial. Objections to all or part of the deposition testimony offered must be made not later than 14 days before trial and must cite page, line and the specific evidentiary grounds supporting the objection. **The same rules apply to both videos and written depositions.** When applicable, counsel are also required to provide a person e.g., co-counsel, etc., to read the testimony into the record.

15.     **Audio-Visual Technology.** If you intend to use any special equipment/technology such as video or audio recordings, movies, slides, PowerPoint or other computer generated technology, you must provide it. You must contact my Division Clerk **prior** to the scheduled trial date to arrange the use of such technology.

Any audio recordings shall be played over the Court sound system. Parties shall be responsible for bringing any and all electrical cables and audio connecting cables. Parties shall plug their audio playing device into an auxiliary input on the Court's lectern. The auxiliary input requires

6

connection via a 1/8" headphone jack cable or RCA stereo jack cable. The Court will control the volume of the audio via its sound control panel.

      16.     **Trial Briefs.** Trial Briefs may be filed. Briefs shall be filed not later than **14 days** before trial, and shall not exceed five pages in length.

      17.     **Pro Se Parties.** Parties appearing without counsel are directed to contact **Colorado Legal Services and the Metro Volunteer Lawyers, 1905 Sherman Street, Suite 400, Denver, Colorado 80203, Phone 303-837-1313,** for determination of legal representation.  Assistance may also be obtained by visiting the Colorado Legal Help Center at www.coloradolegalhelp.us.

      18.     **Discovery Procedures.** Discovery in all cases will be conducted subject to the provisions of the Court ordered Discovery Protocol attached.

      19.     **Private Court Reporter:** Please familiarize yourself with and provide the Court with the court-reporter agreement required by Denver Chief Judge Directive 2011-1 on the first day of trial.

      20.     **Settlement. If the parties settle the case after trial has been set, the Court will not vacate the trial until the parties have filed a stipulation to dismiss the case with prejudice.** Please notify the Court within 24 hours of settlement or resolution of the case. It is not productive for the Court to expend unnecessary time and effort on pending matters that are rendered moot by settlement between the parties. All documents confirming settlement shall be filed not later than 21 days from the date of settlement, unless otherwise ordered by the Court.

      21.     **Compliance.** This Pre-Trial Order applies to **ALL** cases without exception. Counsel are expected to familiarize themselves with the provisions of this order. Failure to comply with this Order will not be excused due to lack of familiarity with the requirements set forth herein.

**SO ORDERED and Date, January 11th, 2019**

                   BY THE COURT:

                   _____

                   Andrew P. McCallin
                   District Judge

cc: All Counsel

## DISCOVERY PROTOCOL

Counsel are reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

## WRITTEN DISCOVERY

These discovery protocols shall be considered as part of the responsibility of parties and counsel to comply with the Rules of Civil Procedure relating to discovery.

1. The parties should refrain from interposing repeated boilerplate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information which may be available but which is not being provided as a result of the objection raised.

2. When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within fourteen (14) days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery. A failure to seek such clarification shall be considered a violation of this Order for Discovery Protocol.

3. A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

4. A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party shall also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

5. Whenever a party objects to discovery based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party shall produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

    a. The information required by C.R.C.P. 26(b)(5);

    b. The date of the information or material;

    c. All authors and recipients; and

    d. The specific privilege or protection which is claimed.

The proponent of the privilege has the burden of establishing that privilege. Failure to comply with this paragraph 5 and Order for Discovery Protocol will constitute a waiver of the claimed privilege.

## DEPOSITIONS

1. Depositions shall be conducted in compliance with the Colorado Rules of Civil Procedure.

2. During all depositions, counsel shall adhere strictly to C.R.C.P. 30(d)(1) and (3). No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition). Objections to form shall be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question.

3. There shall be no speaking objections. It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer "if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate. All such questions shall be considered speaking objections. All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition.

4. It is appropriate for the deponent to request clarification of a question. However, it is not appropriate for counsel to do so.

5. A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition

when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

6. Counsel shall refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony.

7. Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under paragraph 3 of C.R.C.P. 30(d). Whenever counsel instructs a witness not to answer a question, counsel shall state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

8. Violations of these Discovery Protocols will result in the Court limiting or prohibiting additional discovery in the case.

| ☐ County Court  ■ District Court | |
|---|---|
| City & County of Denver  County, Colorado | |
| **Court Address:** <br> 1437 Bannock St, Denver, CO 80202 | DATE FILED: May 6, 2019 11:15 AM <br> FILING ID: 27816CAB1F8A1 |
| **Plaintiff/Petitioner(s):**  TERESA SALINAS-RODRIGUEZ, <br> v. | CASE NUMBER: 2019CV31498 |
| **Defendant/Respondent(s):** DELTA AIR LINES, INC. | ▲  COURT USE ONLY  ▲ |
| **Attorney for Plaintiff:** <br> Todd F. Bovo, #38691 <br> Bovo Law, LLC <br> 650 S. Cherry St., #1400 <br> Denver, CO 80246 <br> Tele: (303) 333-4686 Fax: (303) 595-5334 | **Case Number:** <br> **2019CV31498** <br> Division    Courtroom  **368** |

## AFFIDAVIT OF SERVICE

I declare under oath that I am 18 years or older and not a party to the action and that I served THE FOLLOWING DOCUMENTS Summons, Complaint and Jury Demand, and Civil Case Cover Sheet _____ on the Defendant/Respondent in Littleton, Arapahoe, Colorado _____ (name of County/State) on April 22nd, 2019 _____ (date) at 1:10 p.m. ___ (time) at the following location: 1900 W. Littleton Boulevard Littleton, CO 80120 _____.

☐ By handing the documents to a person identified to me as the Defendant/Respondent: _____ (print name of person served).

☐ By identifying the documents, offering to deliver them to a person identified to me as the Defendant/Respondent who refused service, and then leaving the documents in a conspicuous place.

☐ By leaving the documents at the Defendant/Respondent's usual place of abode with _____ (Name of Person) who is a member of the Defendant/Respondent's family and whose age is 18 years or older. (Identify family relationship)_____ .)

☐ By leaving the documents at the Defendant/Respondent's usual workplace with _____ (Name of Person) who is the Defendant/Respondent's secretary, administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

■ By leaving the documents with Cole Stender _____ (Name of Person), who as Registered Agent/Corporation Service Company ___ (title) is authorized by appointment or by law to receive service of process for the Defendant/Respondent:

☐ By serving the documents as follows (other service permitted by C.R.C.P 4(g) or C.R.C.P. 304(c)(d) and (e): _____ _____ .

**I have charged the following fees for my services in this matter:**

Private process server:

Fee $ 45 _____    Mileage $ _____

## VERIFICATION AND ACKNOWLEDGMENT

I, Michael D. Smith _____(name) swear/affirm under oath, that I have read the foregoing *AFFIDAVIT OF SERVICE* and that the statements set forth therein are true and correct to the best of my knowledge.

Michael D. Smith _____

Printed name

_____ 5/6/19

Signature                                      Date

Subscribed and affirmed, or sworn to before me in the County of _Arapahoe_____, State of _Colorado____, this _10th_ day of _May_____, 20_19__. My Commission Expires: __8/11/2021__

_____

Notary Public

MARILYN COMANDARI
NOTARY PUBLIC - STATE OF COLORADO
Notary ID #20174033882
My Commission Expires 8/11/2021